**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-0958 PA (AGRx) | Date | June 23, 2023 |
|---|---|---|---|
| Title | Amanda Surdow v. CCFI Companies, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman (video) | Myra Ponce |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Navid Kanani (video) | Jill Schubert (video) |

**Proceedings:** STATUS CONFERENCE via ZOOM

Court and counsel confer concerning the Notice of Removal filed by defendant CCFI Companies, LLC ("Removing Defendant"). The action was originally filed in Riverside County Superior Court by plaintiff Amanda Surdow ("Plaintiff") against Removing Defendant and defendants Check Into Cash of California, LLC, Check Into Cash of California, Inc., and Robin Grenko (collectively, "Non-Removing Defendants"). Removing Defendant asserts that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. On June 23, 2023, the Court held a telephonic hearing with counsel for Plaintiff and Removing Defendant to determine whether diversity jurisdiction over this action exists. For the reasons stated below, the Court finds that Removing Defendant has failed to plausibly allege that this Court has subject matter jurisdiction over this action and failed to comply with the procedural requirements for removal.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). Failure to comply with the statutory time limit bars removal. See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-0958 PA (AGRx) | Date | June 23, 2023 |
|---|---|---|---|
| Title | Amanda Surdow v. CCFI Companies, LLC, et al. | | |

amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

In the Notice of Removal, Removing Defendant asserts that Plaintiff "is and was at all relevant times a citizen and resident of the State of California," and cites to paragraph 1 of the Complaint for support of its citizenship allegation. (Docket No. 1. ¶ 6.) However, the Complaint merely alleges that "all of the parties were and/or are residents of Riverside County or are doing or did business in Riverside County at all times relevant herein." (Docket No. 1-1 ("Compl.") ¶ 1.) Because an individual's citizenship is determined by domicile, not residence, Removing Defendant's allegations of Plaintiff's residence is insufficient to plausibly allege Plaintiff's citizenship. As a result, Removing Defendant's residency allegation is insufficient to invoke this Court's diversity jurisdiction. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

The Notice of Removal is also procedurally defective because the Non-Removing Defendants have not joined in the Notice of Removal, and the Removing Defendant has failed to adequately explain their absence. All proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446; see Prize Frize, 167 F.3d at 1266. "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266. A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed in the state court is insufficient. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996); see also Prize Frize, 167 F.3d at 1266 (finding Notice of Removal which alleged that the removing defendants "have been informed and believe that many of the other defendants . . . have not been properly served in this matter" was facially deficient). Here, the Notice of Removal does not include sufficient, or any, discussion concerning the absence of a

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-0958 PA (AGRx) | Date | June 23, 2023 |
|---|---|---|---|
| Title | Amanda Surdow v. CCFI Companies, LLC, et al. | | |

joinder by the Non-Removing Defendants, or any reason why their joinder in the Notice of Removal is not necessary. See Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (explaining that a removing defendant "has the burden of showing that it has complied with the procedural requirements for removal").

At the status conference, Removing Defendant's counsel was given an opportunity to supplement the allegations in the Notice of Removal. However, Removing Defendant's counsel did not proffer any additional facts that would have warranted support of the Court's exercise of subject matter jurisdiction over this action or cured the procedural deficiencies. The Court having waived Local Rule 6-1 barring oral motions, Plaintiff's counsel moved to remand the action to the Riverside County Superior Court based on Removing Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction in the Notice of Removal or to cure the Notice of Removal's procedural deficiencies. The Court granted Plaintiff's Motion to Remand. Accordingly, this action is remanded to Riverside County Superior Court, Case Number CVRI2302114 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

: 9

Initials of Preparer kss